RECEIPT # 18285 61296
AMOUNT $160.00
SUMMONS ISS. ___
LOCAL RULE 4.1 ___
WAIVER OF SERV. ___
ISSUED ___
MCF 120 OR 121 ___
DEPUTY CLK ___
DATE 1-7-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TRISTAN LOGAN,
    Plaintiff-Complainant,

Civil Action No.

v.

ELAINE CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR,
    Defendant-Agency.

*Referred to MJ JG Dein*

## COMPLAINT
## [WITH JURY DEMAND]

### Nature of Action

In this action plaintiff Tristan Logan ("Logan") seeks to recover, inter alia, for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, the Civil Rights Act of 1964, Retaliation, for violations of his constitutional rights (43 U.S.C. § 1983), and for common law breach of settlement.

### Jurisdiction and Venue

On information and belief, Jurisdiction is based upon: 42 U.S.C. § 2000e-5(3), and 29 C.F.R.§ 1614.110(a). Venue is proper in this court because each of the defendants either resides in Massachusetts or has a regular place of business in Massachusetts, and the actions complained of occurred primarily and substantially within Massachusetts

### Parties

1.    Plaintiff Tristan Logan is an individual with a regular place of residence at 49 Cannongate III, Nashua, NH 03063 and a regular place of employment at the JFK Federal Building, Room 575, Boston, MA 02114.

2. On information and belief, defendant Department of Labor ("DOL" or the "Agency") Employee Benefits Security Administration ("EBSA"), formerly known as the Pension and Welfare Benefits Administration ("PWBA") is a United States governmental agency, with a regular place of business located at JFK Federal Building, Room 575, Boston, MA 02114.

3. Defendant Elaine Chao ("Chao") is the Secretary, of the United States Department of Labor.

## Facts

4. Logan is employed as an investigator employed by the Boston Office of the U. S. Department of Labor, Employee Benefits Security Administration.. He Logan has held this position since May of 1991.

5. Defendant Elaine Chao ("Chao") is the Secretary, of the United States Department of Labor.

6. James M. Benages ("Benages") is and has been at all times relevant hereto the Regional Director of the EBSA. Boston office and, as such, is the promoting authority for that office.

7. Frank Ceraso ("Ceraso") is and has been at all times relevant hereto a Group Supervisor of the EBSA. Boston office.

9. Logan, at the relevant time, held the grade GS-12 step 7.

10. Logan was born on February 7th 1948, and is presently 56 years of age

11. In the late 1990s, Mr. Logan was diagnosed with a psychiatric disability, bi-polar disorder and DOL was informed of his disability.

## ALLEGATIONS

### Count I – Violation of the Age Discrimination in Employment Act.

12. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

13. Logan claims that defendant's promotion practice discriminates against persons 40 years of age or older.

14. Logan is an employee covered by the Age Discrimination in Employment Act.

15. Logan met all the applicable job qualifications and applied for the position of Investigator GS 1801-13 under Vacancy Announcement No. BOS-03-29A Investigator (Pension).

16. Logan was not selected for the position but one of the candidates selected to fill that position was under the age of 40, has dramatically less experience than Logan, and was promoted prior to having completed her basic training with EBSA..

17. Logan claims the explanations proffered by the Agency for not appointing Mr. Logan to fill the position were pretexts for discrimination.

19. Logan Claims the Final Agency Decision (copy attached) in this matter is arbitrary and capricious and an abuse of discretion.

20. Logan claims the Final Agency Decision is not based on substantial evidence found in the record of all the evidence in the case and is erroneous in law.

21 Logan claims the investigative record reveals genuine issues of material facts and prohibited personnel practices that were ignored or misapprehended by the Agency

22. Logan has been injured by virtue of said violations.

## Count II – Violation of the Rehabilitation Act of 1973

23. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

24. Logan claims that that defendant's promotion practice discriminates against persons with disabilities.

25. Because of his disability Logan is an employee covered by the Rehabilitation Act of 1973.

26. Defendant knew of Logan's disability since early 1999..

27. Logan met all the applicable job qualifications and applied for the position of Investigator GS 1801-13 under Vacancy Announcement No. BOS-03-29A Investigator (Pension).

28. Logan was not selected for the position but one of the candidates selected to fill that position was under the age of 40, has dramatically less experience than Logan, and, was promoted prior to having completed her basic training with EBSA.

29. Logan claims the explanations proffered by the Agency for not appointing Mr. Logan to fill the position were pretexts for discrimination.

30. Logan Claims the Final Agency Decision (copy attached) in this matter is arbitrary and capricious and an abuse of discretion.

31. Logan claims the Final Agency Decision is not based on substantial evidence found in the record of all the evidence in the case and is erroneous in law.

32. Logan claims the investigative record reveals genuine issues of material facts and prohibited personnel practices that were ignored or misapprehended by the Agency

34. Logan has been injured by virtue of said violations.

### Count III- Violation of the Rehabilitation Act of 1973

35. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

36. Logan claims the conduct of defendant US Department of Labor, by and through its agents and servants has intentionally discriminated against Logan because the Department has repeatedly refused his requests to develop an affirmative action program for career development and promotion opportunities as required by § 501 of the Rehabilitation Act of 1973.

37. Logan has been injured by virtue of said violations.

### Count V – Violation Civil Rights Act of 1964

38. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

39. Logan claims that that defendant's promotion proclivity and longstanding practice of promoting single women under the age of 40 or married women under the age of 40 constitutes gender discrimination. .

40. Logan has been injured by virtue of said violations.

### Count V – Violation 42 U.S.C. § 1983

41. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

42. Logan claims the conduct of defendant US Department of Labor, by and through its agents and servants, particularly Regional Director James Benages and Group Supervisor Frank Ceraso, violated Logan's constitutional right of due process.

43. Logan claims that as a tenured federal employee he has a property interest in his job, to include advancement, promotions, and awards.

44. Logan claims that an illegal and unauthorized advantage given to investigator Susan Murphy for promotion to the position of Investigator GS-1801-13 under Vacancy Announcement BOS-03-29A Investigator (Pension) violated his constitutional right to due process and thereby deprived him of a property interest.

45. Logan has been injured by virtue of said violations.

## CountVI – Retaliation

46. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

47. Logan claims he has been the subject of retaliation by the Department because he participated in the EEO process and because he filed a previous civil action against the Department.

48. Logan has been injured by virtue of said violations

## Count VI – Breach of Settlement Agreement

49. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

50. The Department breached a settlement agreement in that the Department has failed, and continues to fail, to equitably distribute benefit advisor referral cases among investigators.

51. The Department, through EBSA's Regional Director James Benages, entered into a settlement agreement with Ms. Ann Schipani George on June 6th, 2001 (copy attached).

52. As part of the settlement, the Department agreed with Ms. George to ensure that all pension benefit advisor referral cases would be equitably distributed among investigators.

6

53.. Investigators in the Boston Regional Office became intended beneficiaries as a result of this agreement because Ms. Ann Schipani George (the *promise*) intended that a third party (the investigators) have the benefit of this element of the agreement and performance in the agreement is to run directly from the Department, particularly Mr. Benages, (the *promisor*) to the investigators (the third party).

54. Benages is the person responsible for distributing benefit advisor referral cases.

56. Benages assigns significant or "good hit" benefit advisor referral cases overwhelmingly, disproportionately and inequitably to persons, specifically women, under forty who he has pre-selected for promotion and his doing so constitutes breach of the settlement agreement.

57. Logan has been injured as a result of these breaches.

WHEREFORE, Logan demands that this court:

- Determine that that Final Agency Decision is arbitrary and capricious;
- Determine that that Final Agency Decision is not based on substantial evidence;
- Determine that that Final Agency Decision is erroneous in law;
- Enter judgment in favor of Mr. Logan on all Counts of this Complaint;
- Enter a final judgment against the defendants and award damages to Mr. Logan on all of t he Counts set forth in the Complaint to include that Mr. Logan be appointed to a GS-13 position with retroactive pay from November 24, 2001; and
- Award Mr. Logan his costs and reasonable attorney's fees.
- Award such other and further relief as is just and proper, including, but not limited to, attorney's fees, costs, and expenses.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE TO A JURY AS OF RIGHT OR IN THE DISCRETION OF THE COURT.

Tristan L. Logan
Pro Se

*/s/ Tristan Logan*

49 Cannongate II
Nashua, NH 03063
(603) 886-8133

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Logan v Chao__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05 - 10045

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   __N/A__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ___   **NO** ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ___   **NO** ✓

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ___   **NO** ✓

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ___   **NO** ✓

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **YES** ✓   NO ___

   A.  IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       **EASTERN DIVISION**     CENTRAL DIVISION     WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Tristan Logan__
ADDRESS __46 Canvin Gate III, Nashua, NH 03063__
TELEPHONE NO. __603-886-8133__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Tristan Logan

**DEFENDANTS**
Elaine Chao, Secretary
U.S. Dept. of Labor

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tristan Logan  603-886-8133

ATTORNEYS (IF KNOWN)
05-10045

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff was discriminated by defendant, violations of Age Discrimination in Employment Act of 1967, Rehab Act, etc

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Promotion, Back Pay, Fees, Compensatory Damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
Tristan Logan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____