UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRISTAN LOGAN,<br><br>                Plaintiff-Complainant,<br><br>v.<br><br>ELAINE CHAO, SECRETARY,<br>UNITED STATES DEPARTMENT OF LABOR,<br>                Defendant-Agency. | Civil Action No.<br><br>05-100 45 GAO |

## AMENDED COMPLAINT
## [WITH JURY DEMAND]

### Nature of Action

In this action plaintiff Tristan Logan ("Logan") seeks to recover, inter alia, for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, the Civil Rights Act of 1964, Retaliation, for violations of his constitutional rights (43 U.S.C. § 1983), and for common law breach of settlement.

### Jurisdiction and Venue

On information and belief, Jurisdiction is based upon: 42 U.S.C. § 2000e-5(3), and 29 C.F.R.§ 1614.110(a). Venue is proper in this court because each of the defendants either resides in Massachusetts or has a regular place of business in Massachusetts, and the actions complained of occurred primarily and substantially within Massachusetts

### Parties

1.    Plaintiff Tristan Logan is an individual with a regular place of residence at 49 Cannongate III, Nashua, NH 03063 and a regular place of employment at the JFK Federal Building, Room 575, Boston, MA 02114.

2. On information and belief, defendant Department of Labor ("DOL" or the "Agency") Employee Benefits Security Administration ("EBSA"), formerly known as the Pension and Welfare Benefits Administration ("PWBA") is a United States governmental agency, with a regular place of business located at JFK Federal Building, Room 575, Boston, MA 02114.

3. Defendant Elaine Chao ("Chao") is the Secretary, of the United States Department of Labor.

## Facts

4. Logan is employed as an investigator employed by the Boston Office of the U. S. Department of Labor, Employee Benefits Security Administration. Logan has held this position since May of 1991.

5. Defendant Elaine Chao ("Chao") is the Secretary, of the United States Department of Labor.

6. James M. Benages ("Benages") is and has been at all times relevant hereto the Regional Director of the EBSA. Boston office and, as such, is the promoting authority for that office.

7. Frank Ceraso ("Ceraso") is and has been at all times relevant hereto a Group Supervisor of the EBSA. Boston office.

9. Logan, at the relevant time, held the grade GS-12 step 7.

10. Logan was born on February 7th 1948, and is presently 56 years of age

11. In the late 1990s, Mr. Logan was diagnosed with a psychiatric disability, bi-polar disorder and DOL was informed of his disability.

## **ALLEGATIONS**

### **Count I – Violation of the Age Discrimination in Employment Act.**

12. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

13. Logan claims that defendant's longstanding disparate treatment, and promotion practices and pattern to Senior Investigator positions, discriminates against persons over the age of 40 years, especially males.

14. Logan is an employee covered by the Age Discrimination in Employment Act.

15. Logan met all the applicable job qualifications, applied for the position of Investigator GS 1801-13 under Vacancy Announcement No. BOS-03-29A Investigator (Pension) and was found to be qualified for the position.

16. In keeping with their longstanding promotion practices and pattern of not promoting males over 40 years old to Senior Investigator positions since 1994, Logan was not selected for the position.

17. Logan asserts that the DOL's longstanding promotion practices and pattern has also had a disparate impact on males over 40 years old and is discriminatory.

18. Logan further claims one of the candidates selected to fill that position was under the age of 40, has dramatically less experience than Logan, was promoted prior to having completed her basic training with EBSA, and had false or fraudulent information on or attached to her application that was provided to her and approved by her Supervisor.

19. Logan claims the explanations proffered by the Agency for not appointing Mr. Logan to fill the position were pretexts for discrimination.

20. Logan Claims the Final Agency Decision (copy filed) in this matter is arbitrary and capricious and an abuse of discretion.

20. Logan claims the Final Agency Decision is not based on substantial evidence found in the record of all the evidence in the case and is erroneous in law.

21 Logan claims the EEOC's investigative record reveals genuine issues of material facts and illegal and prohibited personnel practices that were ignored or misapprehended by the Agency.

22. Logan has been injured by virtue of said violations.

### Count II – Violation of the Rehabilitation Act of 1973

23. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

24. Logan claims that that defendant's longstanding promotion practices and pattern discriminates against persons with disabilities.

25. Because of his disability Logan is an employee covered by the Rehabilitation Act of 1973.

26. Defendant knew of Logan's disability since early 1999.

27. Logan met all the applicable job qualifications and applied for the position of Investigator GS 1801-13 under Vacancy Announcement No. BOS-03-29A Investigator (Pension).

28. Logan was not selected for the position but one of the candidates selected to fill that position was a person without a disability who has dramatically less experience than Logan, was promoted prior to having completed her basic training with EBSA, and had false or

4

fraudulent information on or attached to her application that was provided to her and approved by her Supervisor.

29. Logan claims the explanations proffered by the Agency for not appointing Mr. Logan to fill the position were pretexts for discrimination.

30. Logan Claims the Final Agency Decision in this matter is arbitrary and capricious and an abuse of discretion.

31. Logan claims the Final Agency Decision is not based on substantial evidence found in the record of all the evidence in the case and is erroneous in law.

32. Logan claims the EEOC's investigative record reveals genuine issues of material facts, and illegal and prohibited personnel practices that were ignored or misapprehended by the Agency.

34. Logan has been injured by virtue of said violations.

## Count III- Violation of the Rehabilitation Act of 1973

35. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

36. Logan claims the conduct of defendant US Department of Labor, by and through its agents and servants has intentionally discriminated against Logan because the Department has repeatedly refused his requests to develop an affirmative action program for career development and promotion opportunities as required by § 501 of the Rehabilitation Act of 1973.

37. Logan has been injured by virtue of said violations.

### Count IV – Violation of the Civil Rights Act of 1964

38. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

41. Logan alleges that since 1994 of all the investigators over the age of 40, only women investigators were promoted to Senior Investigator positions.

42. Logan claims the DOL's longstanding promotion practices and pattern has had a disparate impact on males over 40 years old and is discriminatory.

43. Logan claims that that defendant's longstanding promotion practices and pattern of excluding males over 40 years old from Senior Investigator positions constitutes gender discrimination.

44. Logan has been injured by virtue of said violations.

### Count V – Violation of 42 U.S.C. § 1983

41. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

42. Logan claims the conduct of defendant US Department of Labor, by and through its agents and servants, particularly Regional Director James Benages and Group Supervisor Frank Ceraso, violated Logan's constitutional right of due process.

43. Logan claims that as a tenured federal employee he has a property interest in his job, to include advancement, promotions, and awards.

44. Logan claims that an illegal and unauthorized advantage given to an applicant for promotion, specifically, false or fraudulent information on or attached to her application that was provided to her and approved by her Supervisor, to the position of Investigator GS-1801-13

under Vacancy Announcement BOS-03-29A Investigator (Pension) violated his constitutional right to due process and thereby deprived him of a property interest.

45. Logan has been injured by virtue of said violations.

### CountVI – Retaliation

46. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

47. Logan claims he has been, and is currently, the subject of retaliation by the Department because he participated in the EEO process and because he filed a previous civil action against the Department.

48. Logan has been injured by virtue of said violations

### Count VII – Breach of Settlement Agreement

49. Logan repeats and realleges the allegations of the above-numbered paragraphs as if set forth in full herein.

50. The Department breached a settlement agreement in that the Department has failed, and continues to fail, to equitably distribute benefit advisor referral cases among investigators.

51. The Department, through EBSA's Regional Director James Benages, entered into a settlement agreement with Ms. Ann Schipani George on June 6th, 2001 (copy filed).

52. As part of the settlement, the Department agreed with Ms. George to ensure that all pension benefit advisor referral cases would be equitably distributed among investigators.

53..   Investigators in the Boston Regional Office became intended beneficiaries as a result of this agreement, because Ms. Ann Schipani George (the *promisee*) intended that a third party (the investigators) have the benefit of this element of the agreement and performance in the agreement is to run directly from the Department, particularly Mr. Benages, (the *promisor*) to the investigators (the third party).

54.   Benages is the person responsible for distributing benefit advisor referral cases.

56.   Benages assigns significant or "good hit" benefit advisor referral cases overwhelmingly, disproportionately and inequitably to persons under forty who he has pre-selected for promotion and his doing so constitutes breach of the settlement agreement.

57.   Logan has been injured as a result of these breaches.

WHEREFORE, Logan demands that this court:

- Determine that that Final Agency Decision is arbitrary and capricious;
- Determine that that Final Agency Decision is not based on substantial evidence;
- Determine that that Final Agency Decision is erroneous in law;
- Enter judgment in favor of Mr. Logan on all Counts of this Complaint;

Enter a final judgment against the defendants and award damages to Mr. Logan on all of the Counts set forth in the Complaint to include that Mr. Logan be appointed to a GS-13 position with retroactive pay from November 24, 2001, and

the maximum amount of compensatory damages allowed by law, and

- award Mr. Logan his costs and reasonable attorney's fees.
- Award such other and further relief as is just and proper, including, but not limited to, attorney's fees, costs, and expenses.

.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE TO A JURY AS OF RIGHT OR IN THE DISCRETION OF THE COURT.

>Tristan L. Logan, Esq.
>Pro Se
>
>*/s/ Tristan Logan*
>49 Cannongate II
>Nashua, NH 03063
>(603) 438-9313