UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRISTAN LOGAN,<br>　　　　Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY,<br>UNITED STATES DEPARTMENT OF LABOR,<br>　　　　Defendant. | C.A. No. 05-10045GAO |

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT

The defendant, Elaine Chao, Secretary, United States Department of Labor ("Defendant"), responds to the Amended Complaint of plaintiff Tristan Logan as follows:

#### Nature of Action

This paragraph contains Plaintiff's characterization of the case to which no response is required. Further, the allegations contained in this paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained herein.

#### Jurisdiction and Venue

This paragraph states conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained herein.

#### Parties

1. This paragraph is an identification of Plaintiff to which no response is required.

2. Denied as written. Defendant admits only that the Department of Labor ("DOL") is a federal agency and that the Employee Benefits Security Administration ("EBSA") is a unit within DOL. Defendant further admits that one of the EBSA's offices is located in the JFK

1

Federal Building, Room 575, Boston, MA 02114.

    3.  Admitted.

## Facts

    4.  Denied as written. Defendant admits only that Plaintiff is a DOL employee and works in the EBSA as an investigator. Further, Defendant admits that Plaintiff has held this position since May 1991.

    5.  Admitted.

    6.  Defendant lacks knowledge and information sufficient to form a response as to the allegations contained in ¶ 6 of the Amended Complaint because Plaintiff failed to define what is meant by "at all times relevant hereto." Defendant admits only that James M. Benages ("Benages") is the EBSA Regional Director. Defendant further admits that in his official capacity as EBSA Regional Director, Benages has had promoting authority.

    7.  Defendant lacks knowledge and information sufficient to form a response as to the allegations contained in ¶ 7 of the Amended Complaint because Plaintiff failed to define what is meant by "at all times relevant hereto." Defendant admits only that Frank Ceraso ("Ceraso") is an EBSA Group Supervisor.

    8.  [THERE IS NO ¶ 8 IN THE AMENDED COMPLAINT.]

    9.  Defendant lacks knowledge and information sufficient to form a response as to the allegations contained in ¶ 9 of the Amended Complaint because Plaintiff failed to define what is meant by "at the relevant time." Defendant admits only that Plaintiff held a grade GS-12, step 7 position at DOL.

    10.  Defendant lacks knowledge and information sufficient to form a response as to the

truth of the allegations contained in ¶ 10 of the Amended Complaint.

11.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations contained in ¶ 11 of the Amended Complaint.  Defendant admits only that Plaintiff informed certain DOL employees of an alleged psychiatric disability and an alleged bi-polar disorder.

## **ALLEGATIONS**

### COUNT I - Violation of the Age Discrimination in Employment Act.

12.  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

13.  Denied.  Further responding, the allegations contained in ¶ 13 state conclusions of law to which no response is required.

14.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations contained in ¶ 14 of the Amended Complaint.  Further responding, the allegations contained in ¶ 14 state conclusions of law to which no response is required.

15.  Denied as written.

16.  Denied.  Further responding, the allegations contained in ¶ 16 state conclusions of law to which no response is required.

17.  Denied.  Further responding, the allegations contained in ¶ 17 state conclusions of law to which no response is required.

18.  Denied.

19.  Denied.  Further responding, the allegations contained in ¶ 19 state conclusions of law to which no response is required.

20. Denied. Further responding, the allegations contained in ¶ 20 state conclusions of law to which no response is required.

20-B[1]. Denied. Further responding, the allegations contained in ¶ 20-B state conclusions of law to which no response is required.

21. Denied. Further responding, the allegations contained in ¶ 21 state conclusions of law to which no response is required.

22. Denied. Further responding, the allegations contained in ¶ 22 state conclusions of law to which no response is required.

COUNT II - Violation of the Rehabilitation Act of 1973

23. Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

24. Denied. Further responding, the allegations contained in ¶ 24 state conclusions of law to which no response is required.

25. Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations contained in ¶ 25 of the Amended Complaint. Defendant admits only that Plaintiff informed certain DOL employees of an alleged psychiatric disability and an alleged bi-polar disorder. Further responding, the allegations contained in ¶ 25 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. Defendant lacks knowledge and information sufficient to form a response as to the

---

[1] The undersigned counsel for Defendant has added "-B" to the second numbered paragraph 20 in Count I in order to differentiate between the two paragraphs of the same number. This was likely a typographical error on the part of Plaintiff.

truth of the allegations contained in ¶ 26 of the Amended Complaint.  Defendant admits only that Plaintiff informed certain DOL employees of an alleged psychiatric disability and an alleged bi-polar disorder.

27.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations contained in ¶ 27 of the Amended Complaint.

28.  Denied.

29.  Denied.  Further responding, the allegations contained in ¶ 29 state conclusions of law to which no response is required.

30.  Denied.  Further responding, the allegations contained in ¶ 30 state conclusions of law to which no response is required.

31.  Denied.  Further responding, the allegations contained in ¶ 31 state conclusions of law to which no response is required.

32.  Denied.  Further responding, the allegations contained in ¶ 32 state conclusions of law to which no response is required.

33.  [THERE IS NO ¶ 33 IN THE AMENDED COMPLAINT.]

34.  Denied.  Further responding, the allegations contained in ¶ 34 state conclusions of law to which no response is required.

## COUNT III - Violation of the Rehabilitation Act of 1973

35.  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

36.  Denied.  Further responding, the allegations contained in ¶ 36 state conclusions of law to which no response is required.

37.  Denied.  Further responding, the allegations contained in ¶ 37 state conclusions of law to which no response is required.

### COUNT IV - Violation of the Civil Rights Act of 1964

38.  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

39. [THERE IS NO ¶ 39 IN THE AMENDED COMPLAINT.]

40. [THERE IS NO ¶ 40 IN THE AMENDED COMPLAINT.]

41.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations contained in ¶ 41 of the Amended Complaint.

42.  Denied.  Further responding, the allegations contained in ¶ 42 state conclusions of law to which no response is required.

43.  Denied.  Further responding, the allegations contained in ¶ 43 state conclusions of law to which no response is required.

44.  Denied.  Further responding, the allegations contained in ¶ 44 state conclusions of law to which no response is required.

### COUNT V - Violation of 42 U.S.C. § 1983

41-B.[2]  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

42-B.  Denied.  Further responding, the allegations contained in ¶ 42-B state conclusions of law to which no response is required.

---

[2]  The undersigned counsel for Defendant has added "-B" to numbered paragraphs 41 through 44 of Count V in order to differentiate these paragraphs from those numbered 41 through 44 in Count IV.  This was likely a typographical error on the part of Plaintiff.

43-B.  Denied.  Further responding, the allegations contained in ¶ 43-B state conclusions of law to which no response is required.

44-B.  Denied.  Further responding, the allegations contained in ¶ 44-B state conclusions of law to which no response is required.

45.  Denied.  Further responding, the allegations contained in ¶ 45 state conclusions of law to which no response is required.

## COUNT VI - Retaliation

46.  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

47.  Denied.  Further responding, the allegations contained in ¶ 47 state conclusions of law to which no response is required.

48.  Denied.  Further responding, the allegations contained in ¶ 48 state conclusions of law to which no response is required.

## COUNT VII - Breach of Settlement Agreement

49.  Defendant repeats and realleges its responses to the allegations contained in the above numbered and unnumbered paragraphs as if set forth fully herein.

50.  Denied.  Further responding, the allegations contained in ¶ 50 state conclusions of law to which no response is required.

51.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations asserted in ¶ 51 of the Amended Complaint.

52.  Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations asserted in ¶ 52 of the Amended Complaint.

53. Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations asserted in ¶ 53 of the Amended Complaint.

54. Defendant lacks knowledge and information sufficient to form a response as to the truth of the allegations asserted in ¶ 54 of the Amended Complaint.

55. [THERE IS NO ¶ 55 IN THE AMENDED COMPLAINT.]

56. Denied. Further responding, the allegations contained in ¶ 56 state conclusions of law to which no response is required.

57. Denied. Further responding, the allegations contained in ¶ 57 state conclusions of law to which no response is required.

The remaining paragraphs in the Amended Complaint constitute Plaintiff's demands and/or requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to timely or properly exhaust his administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue with respect to Count VII (Breach of Settlement Agreement) of the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

As Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, Plaintiff's non-Title VII causes of action must be dismissed.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff has not established that he is a qualified person with a disability pursuant to Section 501 and/or other sections of the Rehabilitation Act of 1973.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant had legitimate, nondiscriminatory reasons which were not pretextual for all actions taken with respect to plaintiff's employment, and any and all treatment accorded to Plaintiff did not constitute prohibited discrimination.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is not entitled to compensatory damages, punitive damages, exemplary damages or attorneys' fees.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The Court lacks jurisdiction over Plaintiff's claims.

Respectfully submitted,

ELAINE CHAO,
SECRETARY, DEPT. OF LABOR
By her attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated:    August 5, 2005

By:    /s/ Gina Walcott-Torres
Gina Walcott-Torres, Asst. U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369