UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TRISTAN LOGAN,
      Plaintiff,

v.

ELAINE CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR,
      Defendant.

Civil Action No. 05-10045-GAO

**MOTION FOR REQUEST OF SANCTIONS**

Plaintiff Tristan Logan moves that this court impose sanctions against Defendant for Defendant's unwillingness and failure to provide Plaintiff with automatic discovery as provided for in Fed. R. Civ. P. Rule 26(a)(1), and as agreed upon by both parties in their Joint Statement of December 8, 2005, and for Defendant's unwillingness and failure to respond as required under Local Rule 16.1 (C) to Plaintiff's written settlement proposal of November 27, 2005.

In support of his motion Plaintiff states:

1. On November 30, 2005 the parties filed their Joint Statement (Exhibit A) in which they both agreed to provide the other the Rule 26(a)(1) automatic discovery by December 8, 2005.

2. On December 8, 2005 the Scheduling Conference was held, after which, and as agreed upon in their Joint Statement, Plaintiff gave counsel for Defendant, Assistant U.S. Attorney ("AUSA") Gina Walcott-Torres, Plaintiff's initial disclosures (Exhibit B) pursuant to Fed. R. Civ. P. 26(a)(1).

3. Plaintiff then asked AUSA Gina Walcott-Torres for Defendant's initial disclosures due Plaintiff at that time.

4. AUSA Gina Walcott-Torres told Plaintiff that she did not have them, but that she would provide them to Plaintiff within two weeks.

5. Plaintiff then asked AUSA Gina Walcott-Torres for Defendant's required response under Local Rule 16.1 (C) to Plaintiff's written settlement proposal of November 27, 2005 (Exhibit C).

6. AUSA Gina Walcott-Torres told Plaintiff that she had not conferred with Defendant regarding Plaintiff's settlement proposal but said that she would do so and get back to Plaintiff within two weeks.

7. After the two weeks passed Plaintiff called Defendant's counsel AUSA Gina Walcott-Torres on two separate occasions and left messages requesting Defendant's initial disclosures and Defendant's response to Plaintiff's settlement proposal.

8. Defendant's counsel AUSA Gina Walcott-Torres did not respond to Plaintiff's requests and did not provide Plaintiff with Defendant's initial disclosures and Defendant's response.

9. On January 4, 2006 a Substitution of Appearance was filed by AUSA Rayford A. Farquhar (Exhibit D).

10. After AUSA Farquhar's appearance as counsel for Defendant, Plaintiff called and left messages for him requesting Defendant's initial disclosures and Defendant's response to Plaintiff's settlement proposal.

11. Plaintiff's last telephone call and request was left on AUSA Farquhar's telephone answering machine on February 17, 2006.

2

12. Defendant's substituted counsel has not contacted, conferred with, or provided Plaintiff with Defendant's initial disclosures and Defendant's response to Plaintiff's settlement proposal.

13. Plaintiff states that pursuant to Fed. R. Civ. P. 26(a)(1)(E) Defendant is not exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1).

14. Over 100 days has passed since Defendant was required to provide Plaintiff with Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and by stipulation set forth in the party's Joint Statement of December 8, 2005.

15. Defendant's initial disclosures are needed by Plaintiff in order for Plaintiff to properly frame Plaintiff's interrogatories, requests for production of documents, and requests for admissions during the course of Discovery.

16. Additionally, over 100 days has passed and Defendant still fails to comply with Local Rule 16.1(C). Local Rule 16.1(C) requires a response to Plaintiff's written settlement proposal.

17. Plaintiff restates that all of Plaintiff's requests for Defendant's initial disclosures and Defendant's response to Plaintiff's written settlement proposal have fallen on deaf ears.

18. Plaintiff claims that Defendant's cavalier approach throughout this action, Defendant's continuing pattern and practice of flagrant disregard of Defendant's obligations, and Defendant's unwillingness to respond to Plaintiff's repeated requests for Defendant's initial disclosures constitutes an abuse of the discovery process by Defendant, demonstrates Defendant's failure to participate in good faith, is obstructing justice, and harms the plaintiff in this action.

For these reasons Plaintiff moves the court for the following sanctions against Defendant under Local Rule 1.3 and Fed. R. Civ. P. 37(c)

1. That the Defendant, the United States Department of Labor be found in default, and that a default –judgment be entered against the Defendant on all counts.

2. That if then Defendant, the United States Department of Labor is not found in default, the Defendant be barred from denying any facts or using any defenses presented in their Answer.

3. That if the Defendant, the United States Department of Labor is not found in default, the Defendant be barred from using as evidence at trial, at a hearing, or on a motion any witness or documents relevant to the Defendant's defenses or denied facts.

4. That the Court order Defendant to serve it's initial disclosures and response to Plaintiff's written settlement proposal within 5 days, award reasonable expenses to Plaintiff as a result of making this motion, and impose other such sanctions that it deems appropriate against the Defendant for it's failure to participate in good faith and comply with Local Rule 16.1 (C) and Fed. R. Civ. P. 26(a)(1).

Respectfully Submitted,

Tristan Logan, Esq.
Pro Se

Dated: March 23, 2006

49 Cannongate II
Nashua, NH 03063
(603) 438-9313
tilogan@comcast.net

4

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned certifies that he has attempted in good faith to contact and resolve this matter with Defendant.

Tristan Logan, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUHSETTS

FILED
IN CLERKS OFFICE

2005 NOV 30  P 12: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

TRISTAN LOGAN,  )
                )
     Complainant,  )
                )
v.              )   C.A. No. 05-10045-GAO
                )
ELAINE L. CHAO, Secretary,  )
United States Department of Labor  )
                )
     Defendant.  )
                )

## JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1(D), the parties have conferred and hereby file the following Joint Statement and proposed pre-trial schedule in anticipation of the Scheduling Conference on December 8, 2005.

A.  Discovery Plan

The parties propose that fact discovery close on June 15, 2006 and proceed as follows:

1. The parties will provide each other the Rule 26(a)(1) automatic discovery by December 8, 2005.

2. Fact discovery shall close on June 15, 2006 and shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

3. Should expert discovery be necessary, the plaintiff shall disclose his expert(s) and report(s) by June 20, 2006 and the defendant shall disclose its experts and reports by July 15, 2006. Expert depositions shall be completed by July 31, 2006.

B.  Motion Schedule

    1.  All motions for summary judgment shall be filed by September 15, 2006.

    2.  All oppositions shall be filed by October 15, 2006.

C.  Certifications

The parties will file Certificates in accordance with Local Rules 16.1(3) at or before the

Scheduling Conference.

D.  Magistrate Judge

At this time, the parties do not consent to trial before a Magistrate Judge.


Respectfully submitted,

For the plaintiff,

*/s/ Tristan Logan*
Tristan Logan, Pro Se
49 Cannongate III
Nashua, NH 03063
(603) 438-9313


For the defendant,

MICHAEL J. SULLIVAN
United States Attorney

*/s/ Gina Walcott-Torres*
Gina Walcott-Torres,
Assistant United States Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369


Date: November 29, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUHSETTS

TRISTAN LOGAN, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 05-10045-GAO
ELAINE L. CHAO, Secretary, )
United States Department of Labor )
)
Defendant. )

### FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES

In compliance with Fed. R. Civ. P. 26(a)(1), Plaintiff provides the following initial Disclosures:

A. The following Department of Labor employees are likely to have discoverable information:

1. James M. Benages
2. Frank Ceraso
3. Ann Combs
4. Robert Gulliano
5. Roderick Faulkner
6. Beverly Hicks
7. Alan Lebowitz
8. Edward Maloney

9. Brian C. McDonnell

10. Susan Murphy

11. Virginia Smith

B. Description by category and location of all documents, data compilations, and tangible things to be used in support of claims:

The following documents, data compilations, and tangible things to be used in support of claims are located at 49 Cannongate III Nashua, NH. 03063

1. Vacancy Announcements

2. EEOC case file CRC Case No. 03-01-58

3. Memorandums

4. Data compilations of promotion practices

5. Timelines

6. Copies of Acts and Federal Codes

7. Copies of cases and case cites

C. Computation and category of damages

1. Specific damages: $31,815.00

2. General damages: $300,000.00

D. Not applicable

Respectfully submitted,

*Tristan Logan*
Tristan Logan, Pro Se
49 Cannongate III
Nashua, NH 03063
(603) 438-9313
tllogan@comcast.net

Date: December 8, 2005

2

**TRISTAN LOGAN, Esq.**
49 Cannongate III
Nashua, NH 03063
603-438-9313 cell
tllogan@comcast.net

November 27, 2005

Ms. Gina Walcott-Torres
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02110

Re: Tristan Logan v. U.S. Dept. of Labor
    Civil Action # 05-10045-GAO

Ms. Walcott-Torres:

As required under Local Rule 16.1(C), I propose the following settlement in the above referenced action:

1. That I be promoted to Senior Investigator GS-1801-13, retroactive to June 15, 2003.

2. That I receive the automatic step increases and back pay with interest, retroactive to June 15, 2003.

3. That contributions, with interest, to my retirement plan, social security, and thrift savings plan reflecting promotion to GS-1801-13 be made, retroactive to June 15, 2003.

4. That all my annual leave and sick leave be restored, retroactive to June 15, 2003.

5. That I receive attorney's fees of $13,700.00.

6. That I receive compensatory damages in the amount of $30,000.00

Sincerely,

*Tristan Logan*
Tristan Logan, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRISTAN LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-10045-GAO |
| v. ) | |
| ) | |
| ELAINE CHAO, et al., ) | |
| ) | |
| Defendants. ) | |

**SUBSTITUTION OF APPEARANCE**

To the Clerk:

Please enter my appearance in the above-captioned case as counsel for the Defendant, United States of America, in substitution for Assistant United States Attorney Gina Walcott-Torres.

                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney

By: /s/ Rayford A. Farquhar
     Rayford A. Farquhar
     Assistant U.S. Attorney
     John J. Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     (617) 748-3100

Dated: January 4, 2006

1

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served upon pro se Plaintiff Tristan Logan, 49 Cannongate III, Nashua, NH 03063.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney