UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
TRISTAN LOGAN,                              )
                                            )      C.A. No. 05-10045-GAO
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
ELAINE CHAO, Secretary,                     )
U.S. DEPARTMENT OF LABOR,                   )
                                            )
        Defendant.                          )
_____)


## THE DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF FACTS

The defendant, Elaine Chao, Secretary of the United States Department of Labor (the

"DOL"), submits her Local Rule 56.1 Statement of Facts in support of her Motion for Summary

Judgment.

1.      Tristan Logan, ("Logan"), has been an investigator for the Employee Benefits Security

        Administration ("EBSA") of the DOL since May 19, 1991 (Ex. 1, Logan Application, p.

        2). As an investigator, Logan has held a Grade GS-12 Step 4 position since May 20,

        1995 (Id. at p. 1). Logan is presently 60 years of age, born February 7, 1948, and he was

        age 55 at the time of the alleged discrimination (Id.).

2.      James Benages ("Benages"), the Regional Director and selecting official, has been aware

        of Logan's disability since January 7, 1999, when a letter was provided to Benages from

        Licensed Psychologist, Toni Delisi, Psy. D., diagnosing Logan with bi-polar disorder

        (Ex. 2, Logan's Affidavit, p. 8 ). Based on this, Logan was allowed a flexiplace

accommodation to work from home up to three times per week (Id.).

3.  On January 22, 2002, Logan requested an increase in his flexiplace accommodation to four days per week (Id. at p. 7). This request was supported by a letter from his psychologist dated February 6, 2002 (Id.). This accommodation request was granted by Benages (Id.).

4.  The Vacancy Announcement BOS-0329A for the position of Investigator (Pension), Series/Grade GS-1801-13 was posted on April 11, 2003 (Ex. 3, Vacancy Announcement BOS-0329A, p. 1). The announcement indicated that the purpose of ranking and rating the candidates would be to determine the best qualified (Id. at p. 3). The process of selection would be accomplished by comparing the "candidate's knowledge, skills, and abilities against those of other candidates for each of the evaluating factors" (Id.). The evaluation process considered factors such as the candidate's experience, training, awards and supervisory performance appraisals (Id.). One of the evaluation factors that was designated "high" was the "[a]bility to motivate staff and direct activities as a team leader" (Id.).

5.  Logan applied for Vacancy Announcement BOS-0329A on April 17, 2003, and made the Certificate of Eligibles for Merit Staffing which narrowed the pool of candidates to 11 (Ex. 4, Merit Staffing List). However, on June 17, 2003, Logan was informed by mail that he had not been selected for the position and that Stephen Phillips ("Phillips"), J. Martin Shanahan ("Shanahan"), and Susan Murphy ("Murphy") had been chosen for promotion for Vacancy Announcement BOS-0329A, as they were "determined to more closely fulfill the requirements of the position" (Ex. 5, Logan Rejection Notification for

2

Vacancy Announcement BOS-0329A).

6.    Although Logan met the minimum qualifications for Vacancy Announcement BOS-0329A, the 3 promoted employees (Phillips, Shanahan, and Murphy), were selected by Benages based on their outstanding individual achievements and superior performance (Ex. 6, Benages Aff., p. 7).

7.    Between October 2000 and October 2003, Phillips' investigative experience was exemplary, and it included closing 1 criminal case and 58 civil cases–71% of which had resulted in recovering over $4.7 million (Id. at p. 2).  These results were well above the 50% national Government Performance Result's Act ("GPRA") goal of 50% of closed cases having results (Id.).  Additionally, Phillips was able to provide litigation support on 28 cases, and most notably led a team of 3 investigators pursuing a case project which he developed involving action taken by a third party administrator (Id. at p. 2-3; Ex. 10, Phillips Application, p. 8).  Phillips was selected to receive the Secretary of Labor's Special Achievement Award based on his performance and work on this project which developed leads on opening over 100 cases (Ex. 6, Benages Aff., p. 3).  Finally, Phillips organized and implemented the Diversity Outreach Program at the Boston Regional Office where he visits colleges, job fairs, and associations to attract prospective candidates for employment with EBSA (Id.; Ex. 10, Phillips Application, p. 9).

8.    The Performance Management Plan ("PMP") for Phillips from March 31, 2002 to September 30, 2002 gave him an overall annual rating of "Superior" with the following categories exceeding the described levels of performance: Investigative Productivity (with an outstanding point count of 1009), Quality of Investigation, Timeliness,

3

Administration, Customer Service and Other Assigned Duties (Ex. 14, Phillips PMP).

He also received a "Very Good" evaluation from the reviewers for the Merit Staffing List

(Ex. 16, Phillips Merit Staffing Evaluation).

9.     Shanahan, between October 2000 and October 2003, had experience on litigation

referrals and criminal cases, which involved the closing of 64 civil cases and recovering

over $6.2 million for participants and beneficiaries (Ex. 6, Benages Aff., p. 4).  He had

also worked on several large criminal cases and initiated the Boston Regional Office

Project for the 1999-2000 fiscal year (the Home Health and Nursing Home Project),

which along with the Department of Health and Human Services, sought to protect the

benefits of many participants and beneficiaries (Id.; Ex.9, Shanahan Application, p. 39).

10.    Shanahan was a mentor to new investigators and was an acting group supervisor, which

involved receiving and supervising cases while overseeing a staff of 8 (Ex.9, Shanahan

Application, p. 5).  He also sat as a Committee Member and Chairman of the Legal

Regulatory Subcommittee for the City of Worcester from March, 1993, to the time of the

application (Id. at p. 8).  Additionally he volunteered as a mentor for the Worcester

Public schools and initiated an outreach activity in June, 2002, with the Massachusetts

Society of Certified Public Accountants (Ex. 9, Shanahan Application, p. 5).  His overall

score on the PMP from May 3, 2001, to September 30, 2002, was "Superior", and he

exceeded the described level of performance in the following categories: Investigative

Productivity (with a point score of 528), Quality of Investigation, Timeliness,

Administration, and Other Assignments (Ex. 13, Shanahan PMP).  He received a "Very

Good" from both evaluators on every category for the Merit Staffing List (Ex. 16,

Shanahan Merit Staffing Evaluation).

11.     Murphy's experience prior to joining EBSA included working as a Special Agent with

the DOL Office of the Inspector General ("OIG") from May, 1995 to February, 2002 (Ex.

6, Benages Aff., p. 5; Ex. 8, Murphy Application, p. 5).  In February, 2002, she was hired

as an Investigator/Senior Investigator with EBSA (Ex. 6, Benages Aff., p. 4).  She had

experience in working with a multi-agency team of investigators from several law

enforcement agencies including the FBI, IRS, and U.S. Postal Inspection Service (Id. at

4-5; Ex. 8, Murphy Application, p. 5).  Before her promotion she had qualified training

courses in federal law, OIG, EBSA Basic and EBSA Benefit Plan Accounting (Ex. 6,

Benages Aff., p. 5).  Given Murphy's criminal background, she was hired primarily to

work on the investigation of criminal cases at EBSA (Id.).

12.     Although Murphy had not yet obtained a PMP from EBSA, one completed by the OIG

was provided for review (Ex. 12, Murphy PMP).  Her overall annual rating for July 1,

2000 to June 30, 2001 was "Superior" (Id. at p. 1).  She also received individual

"Superior" scores in the following categories: Source of Information, Problem Solving

and Initiative, Investigative Technique, Organizational Representation, Communications,

and Professional Development (Id. at p. 2-6).  She received 5 awards since 1991 and

completed her EBSA Basic Training in March 2003 (Ex. 8, Murphy Application, p. 2).

Additionally both of the evaluators graded her as "Very Good" on all categories for the

Merit Staffing List (Ex. 15, Murphy Merit Staffing Evaluation).

13.     In contrast, Logan's performance during the period of October, 2000 through October,

2003, included the referral of only 3 cases which placed him in the bottom 40% of the

5

investigators in the Boston Regional Office (Ex. 6, Benages Aff., p. 6).  Overall he had

closed 47 civil cases, 38% of which had results that produced recoveries totaling merely

$3,773– the lowest amount in the Boston Regional Office (Id.).  This percentage of

results was below the GPRA goals of 50% (Id.).  His average case time of 9.97 days

during these 3 years placed him in the upper one-third of investigators who spend the

most time on cases at the Boston Regional Office (Id. at p. 6-7).  Logan closed no

criminal cases during this time, and he did not develop or participate in any projects or

outreach (Id. at p. 7).  Benages further commented that Logan was not selected for the

promotion as he was not comparable, not only to the 3 selected candidates, but also to the

other candidates who were not chosen (Id.).

14.    In addressing his ability to motivate staff on his application, Logan only mentioned one

instance where he directed the activities of 2 senior investigators and was the point of

contact with the regional solicitor for that case (Ex. 1, Logan Application, p. 9).  He also

mentioned his work as an IRS Officer from 1988 to 1991 where he planned, led and

executed raids (Id.).  Unlike the selected candidates, he did not list any recent

achievements, awards or projects in which he had participated.  Additionally, unlike the

"Superior" ratings of his colleagues, Logan received an overall annual rating of

"Effective" on his PMP for March 31, 2002 to September 30, 2002 (Ex.11, Logan PMP).

He only exceeded the described level of performance in the following 2 categories:

Performance Standard (with a score of 548) and Customer Service (Id.).  He was not even

rated on Other Assigned Duties as he had none (Id.).

15.    Benages has been the Regional Director for the Boston Regional Office of EBSA since

6

April 25, 1995, and was responsible for hiring Logan in 1991 (Ex. 6, Benages Aff., p. 2).
Additionally he is responsible for making the selections for promotions from the list of
Certificate of Eligibles for Merit Staffing (Id.).  Benages has stated that selection of the
three promoted candidates was based on those individuals being the best qualified for the
positions (Id.).

16.     On September 5, 2003, the formal EEO complaint was received by the Civil Rights
Center of the Department of Labor (Ex. 7, Formal EEO Complaint of Discrimination).
Logan claims that his non-selection for the Vacancy Announcement BOS-0329A was
disparate treatment due to his age (over age 40), disability (bipolar), and gender (male)
(Id.).

17.     On January 7, 2005, Logan filed a claim in the United States District Court, District of
Massachusetts (Compl.).  On March 8, 2007, Logan amended his complaint and
dismissed numerous counts (Amended Complaint).  Counts I, II and IV remain which
allege disparate treatment based on age and disability and a pattern and practice of

discrimination against males over 40 years of age (Id.).

Respectfully submitted,

ELAINE CHAO,
SECRETARY OF THE U.S.
DEPARTMENT OF LABOR,

By her attorneys,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Rayford A. Farquhar

Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02465
(617) 748-3284


CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 17, 2008.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney

LOCAL RULE 7.1 CERTIFICATION

I, Rayford A. Farquhar, Assistant U.S. Attorney, herein certify that on diverse dates I discussed the merits of this case with the pro se plaintiff, and we could not reach an agreement regarding the subject matter raised in this motion.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney

8